# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3186

_____

United States of America

*Plaintiff - Appellee*

v.

Alvin Stanley Briggs, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: May 12, 2014
Filed: June 6, 2014
[Unpublished]

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Alvin Stanley Briggs, Jr. appeals his conviction for distribution of heroin resulting in death, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

In March 2013, the government charged Briggs with five counts relating to the distribution of heroin. Briggs moved for a ruling on the standard of proof required for Count 1 (distribution of heroin resulting in death). Relying on Eighth Circuit precedent, the district court ruled that "under 21 U.S.C. § 841(b)(1), there is no proximate cause or forseeability requirement—that is, the government need only prove that the heroin was a contributing cause of S.R.'s death."

Briggs conditionally pled guilty to Count 1, reserving the right to appeal the standard-of-proof ruling. In the plea agreement, the parties stipulated:

> An autopsy determined the cause of S.R.'s death was "acute application of heroin." S.R.'s use of the heroin defendant distributed to S.R. on or about July 3 was, at a minimum, a contributing cause of S.R.'s death.

The district court sentenced Briggs to 360 months' imprisonment.

This court reviews de novo the legal interpretation of a criminal statute. *United States v. Brummels*, 15 F.3d 769, 771 (8th Cir. 1994). After Briggs pled guilty, the Supreme Court of the United States decided *Burrage v. United States*, 134 S. Ct. 881 (2014). The Court held:

> at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury.

*Burrage*, 134 S. Ct. at 892.

The district court erred in ruling that the government "need only prove that the heroin was a contributing cause of S.R.'s death."

The judgment is reversed. The case is remanded for proceedings consistent with this opinion.

_____